UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

BARRY A. COHEN,                               :        15-MD-2645 (WHP)
                                              :        15-MC-2645 (WHP)
           Plaintiff,                        :        16-cv-959
                                              :
           -against-                        :        OPINION & ORDER
                                              :
KIND L.L.C.,                                  :
                                              :
           Defendant.                        :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WILLIAM H. PAULEY III, District Judge:

        Plaintiff Barry Cohen filed this action against KIND L.L.C. in the Cuyahoga County Court of Common Pleas in Ohio, alleging that KIND's labeling of its snack foods as "healthy" and "all natural" deceived consumers in violation of the Ohio Consumer Sales Practices Act ("CSPA"), R.C. 1345.01 et seq. KIND removed the action to the Northern District of Ohio on an assertion of diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiff moved to remand the action to the Cuyahoga County Court of Common Pleas on the ground that no federal subject matter jurisdiction existed. Thereafter, the Judicial Panel on Multi-District Litigation (the "JPML") granted KIND's motion to transfer the action to this Court as related to In re KIND LLC "Healthy and All Natural" Litig., No. 15-md-2645-WHP (S.D.N.Y.), MDL No. 2645. This Court remands the action to the Cuyahoga County Court of Common Pleas.

DISCUSSION

        Cases filed in state court may be removed to federal court when "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal statutes are construed narrowly and all uncertainties are resolved in favor of remand in order to promote the goals of federalism, restrict federal court jurisdiction, and support the plaintiff's right to choose the forum." Curtin v. Port Auth. of New York, 183 F. Supp. 2d 664, 667 (S.D.N.Y.

2002); accord Somlyo v. J. Lu-Rob Enter., Inc., 932 F.2d 1043, 1045–46 (2d Cir. 1991). The removing party has the burden of demonstrating that federal jurisdiction exists. See Grimo v. Blue Cross/Blue Shield, 34 F.3d 148, 151 (2d Cir. 1994); Curtin, 183 F. Supp. 2d at 667. "A case may be removed to federal court only if it could have been filed in federal court in the first instance." Rubin v. MasterCard Int'l, LLC, 342 F. Supp. 2d 217, 219 (S.D.N.Y. 2004) (citing Vera v. Saks & Co., 335 F.3d 109, 113 (2d Cir. 2003)). "It is a fundamental princip[le] of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed." Zerafa v. Montefiore Hosp. Hous. Co., 403 F. Supp. 2d 320, 325 (S.D.N.Y. 2005).

The two issues presented to this Court are (1) whether the requirements of 28 U.S.C. § 1332 are satisfied such that this Court has diversity jurisdiction, and (2) whether Plaintiff has standing to sue in federal court under the "case or controversy" requirement of Article III of the United States Constitution.

I. Diversity Jurisdiction

Federal courts have subject matter jurisdiction where complete diversity exists between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332.

A. Complete Diversity

Cohen is an Ohio citizen. (Compl. ¶ 15.) KIND is a limited liability company with its principal place of business in New York. (Compl. ¶ 16.) "[T]he citizenship of a limited liability company is determined by the citizenship of each of its members." Carter v. HealthPort Techs., LLC, 822 F.3d 47, 60 (2d Cir. 2016); WBCMT 2007-C33 NY Living, LLC v. 1145 Clay Ave. Owner, LLC, 964 F. Supp. 2d 265, 267 (S.D.N.Y 2013) (in analyzing diversity jurisdiction, a limited liability company (LLC) has the citizenship of all its members). KIND's only

"member" is KIND Inc., which is incorporated in Delaware with its principal place of business in New York. (Mann. Decl. ¶ 3.). Accordingly, there is complete diversity of citizenship in this action.

B. Amount-in-Controversy

In its Notice of Removal, KIND asserted that the amount-in-controversy exceeded the $75,000 jurisdictional threshold for two reasons. First, a declaration from KIND's Chief Marketing Officer argues convincingly that it would cost KIND well in excess of $75,000 to implement the injunctive relief sought by Plaintiff, namely to alter its packaging and advertising for all products marketed as "healthy" or "all natural" in Ohio. Second, KIND asserts that the attorneys' fees plaintiff's counsel will seek under the CSPA will exceed $75,000.

1. Cost of Complying with the Injunction

In his motion to remand, Cohen asserts that he "does not contest . . . the nature of KIND's interest in the litigation as exceeding $75,000." (ECF No. 6 at 3.) That motion, however, was briefed in the Northern District of Ohio, where controlling Sixth Circuit precedent holds "that the costs of complying with an injunction . . . may establish the amount-in-controversy." Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co., 621 F.3d 554, 560 (6th Cir. 2010) (internal quotation marks omitted). Here, the decisions of the Second Circuit are controlling. See Moskowitz v. Brown, 991 F.2d 36, 40 (2d Cir. 1993) ("[A] transferee federal court should apply its interpretations of federal law, not the constructions of the transferor circuit."). Unlike the Sixth Circuit, the Second Circuit holds that the "amount in controversy 'is calculated from the plaintiff's standpoint' rather than any defendant or third party." Audi of Smithtown, Inc. v. Volkswagen of Am., Inc., No. 08-cv-1773 (JFB), 2009 WL 385541, at *7 (E.D.N.Y. Feb. 11, 2009) (quoting Kheel v. Port of New York Authority, 457 F.2d 46, 49 (2d

3

Cir. 1972)); see also 1 Bus. & Com. Litig. Fed. Cts. § 11:26 (3d ed.) ("There is a circuit split regarding which party's perspective a court may use to determine the amount in controversy."). Accordingly, in determining the amount-in-controversy, this Court cannot calculate KIND's potential costs of complying with an injunction. See Audi of Smithtown, 2009 WL 385541, at *7; Alicea v. Circuit City Stores, Inc., 534 F. Supp. 2d 432, 435 (S.D.N.Y. 2008) ("[Defendant's] post-removal argument that costs of compliance may be counted to meet the jurisdictional requirement also is not objectively reasonable because the Second Circuit had held, prior to the filing of this lawsuit, that the value of the claims is measured from the plaintiff's perspective.")

### 2. Attorneys' Fees

"The Second Circuit has held that attorneys' fees may be used to satisfy the amount in controversy threshold only if they are recoverable as a matter of right pursuant to statute or contract." Ryan v. Legends Hospitality, LLC, No. 11-cv-3110 (RJS), 2012 WL 3834088, at *2 (S.D.N.Y. Aug. 1, 2012) (citing Givens v. W.T. Grant Co., 457 F.2d 612, 614 (2d Cir. 1972)). Under the CSPA, courts "may award to the prevailing party a reasonable attorney's fee . . . if . . . [defendant] has knowingly committed an act or practice that violates this chapter." Ohio Rev. Code Ann. § 1345.09(f)(2). Plaintiff seeks "attorneys' fees and costs as allowed by [CSPA]." (Compl. ¶ 77.)

KIND notes that as of 2012, the median billing rate charged by Ohio attorneys specializing in consumer rights litigation was $300 per hour. (Notice of Removal ¶ 19 (citing Ohio State Bar Assoc., The Economics of Law Practice in Ohio in 2013).) Adopting, arguendo, that relatively conservative hourly rate, KIND notes that counsel's fees would exceed the amount-in-controversy threshold after spending only 250 attorney hours on this case.

4

Even assuming Plaintiff's counsel filed this action intending to seek more than $75,000 in fees, an award of attorneys' fees under the CSPA is discretionary, not mandatory. See Malkamaki v. Sea Ray Boats, Inc., 411 F. Supp. 2d 737, 749 (N.D. Ohio 2005) (CSPA's use of the word "may" means the "award is discretionary, not automatic.").

Courts in the Second Circuit hold that where a plaintiff brings claims under a state statute permitting courts to award attorneys' fees as "a matter of discretion, not a matter of right," then such fees "will not meet the jurisdictional amount requirement" set forth in 28 U.S.C. § 1332. Post v. Gen. Motors Corp., No. 01-cv-9410 (TPG), 2002 WL 1203847, at *4 (S.D.N.Y. June 3, 2002); see also Jeffrey's Auto Body, Inc. v. Progressive Cas. Ins. Co., No. 5:12-cv-776 (MAD), 2013 WL 592677, at *4 (N.D.N.Y. Feb. 14, 2013) ("[S]ince attorneys' fees are not recoverable as of right, but merely discretionary, the Court cannot count such an award toward the jurisdictional amount.") (citing In re Ciprofloxacin Hydrochloride Antitrust Litig., 166 F. Supp. 2d 740, 755–56 (E.D.N.Y. 2001)); Devit v. Cont'l Gen. Ins. Co., No. 3-02-CV270 (JCH), 2002 WL 1000079, at *2 (D. Conn. Apr. 12, 2002) ("[Because] attorney's fees are not recoverable as a matter of right under [the Connecticut Unfair Trade Practices Act] . . . the court will not consider attorney's fees in calculating the amount in controversy."). These decisions are consistent with the Second Circuit's holding that attorneys' fees are only calculable when "recoverable as a matter of right," Givens, 457 F.2d at 614 (emphasis added), as well as the rule that "[r]emoval statutes are construed narrowly and all uncertainties are resolved in favor of remand in order to promote the goals of federalism, restrict federal court jurisdiction, and support the plaintiff's right to choose the forum." Curtin, 183 F. Supp. 2d at 667.

II.  Remand to Ohio State Court

Because 28 U.S.C. § 1332's amount-in-controversy threshold is not met under binding Second Circuit precedent, this Court lacks jurisdiction and must remand this case to the Ohio state court. But the conclusion that this case must be remanded is compelled by a rare procedural oddity: that before the remand motion was decided, the case was transferred to a circuit that interprets the amount-in-controversy requirement differently from the transferor court. Indeed, there is no dispute that under Sixth Circuit precedent—which was binding when the action was actually removed—the cost of complying with an injunction would have been considered and the amount-in-controversy requirement would have been met. Accordingly,

To address this seemingly peculiar circumstance, this Court considered several equitable solutions. First, this Court contemplated transferring this action, sua sponte, back to the Northern District of Ohio under different reservoirs of authority. See 28 U.S.C. § 1404(a) (authorizing sua sponte "[c]hange of venue" to a district court where the action could have been brought when it would serve "the interest of justice"); 28 U.S.C. § 1631 (authorizing a sua sponte "[t]ransfer to cure want of jurisdiction" in a civil action to "any other such court in which the action or appeal could have been brought at the time"). But neither statute seemed a perfect fit. On the one hand, § 1404(a) is typically employed for venue-based transfers, not transfers based on jurisdictional deficits. On the other hand, § 1631 only authorizes a jurisdictional transfer by the court in which "the civil action [was] filed," and the action was not filed here. Both statutes are discretionary, not mandatory. And transferring this action back to the Northern District of Ohio would seem to undermine the JPML's decision that all of the related federal actions against KIND should be before this Court.

6

Moreover, under either statute, this Court could only transfer the action to a district in which this case could have been brought. In view of Plaintiff's argument—advanced in his motion papers, but not alleged in the Complaint—that he lacks federal standing because he has no intention of purchasing KIND bars again, this Court cannot conclude with certainty that jurisdiction would exist in any federal court. That question—whether a consumer who is dissatisfied with a product may seek an injunction even though it is improbable that he will ever purchase that product again—has been characterized as an "open" one. See, e.g., Belfiore v. Procter & Gamble Co., 94 F. Supp. 3d 440, 443 (E.D.N.Y. 2015).

Because the amount-in-controversy requirement would have been met if this motion had been decided in the Northern District of Ohio, this Court also contemplated assessing subject matter jurisdiction under Sixth Circuit precedent. However, as another district judge held in analyzing a similar situation in the context of multi-district litigation:

> [While] it may make sense for the transferee court to consult the "law" of another circuit to anticipate how the trial will be conducted [in an MDL] . . . this principle can have little application to a matter as fundamental as subject matter jurisdiction. A federal court is obligated to assure itself of its own jurisdiction, sua sponte if necessary, and in doing so it must apply the law as it understands it, and as it is bound by precedent. [For example,] if the circuit with authority over the transferor court took a broad view of a jurisdictional statute, it would be extraordinary if a transferee court should accept jurisdiction of a case, where its own considered view, after according respectful attention to the non-binding prior decision of an out-of-circuit court, was that it lacked subject matter jurisdiction, simply because some other court . . . believed that jurisdiction was present. The same would be all the more true if the circuit court by whose precedents the transferee court was bound had authoritatively held that jurisdiction was lacking under the circumstances.

7

In re Refco, Inc. Sec. Litig., 628 F. Supp. 2d 432, 439 (S.D.N.Y. 2008). Because Second Circuit law forecloses federal subject matter jurisdiction, this action must be remanded to the Cuyahoga County Court of Common Pleas.[1]

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to remand this action to the Cuyahoga County Court of Common Pleas.

Dated: September 15, 2016
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

---

[1] Of course, this remand does not preclude KIND from pursuing any other remedies, including asserting a valid basis for federal jurisdiction in a second notice of removal. See 28 U.S.C. § 1446(b)(3) (notice of removal may be filed within thirty days after defendant's receipt of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"); cf. Romulus v. CVS Pharm., Inc., 770 F.3d 67, 70–85 (1st Cir. 2014) (holding that e-mail discovered by defendant constituted "other paper" setting forth a basis for filing a second notice of removal). Any such notice would need to comply with the time limits set forth in 28 U.S.C. § 1446(c) (limiting notices of removal to "1 year after commencement of the action"); Notice of Removal, ECF No. 1, at ¶ 1 (state-court case filed on September 21, 2015). This Court expresses no view regarding the propriety of pursuing any such remedy.